1  **Thimesch Law Offices**
   TIMOTHY S. THIMESCH, ESQ., No. 148213
2  MICHELLE L. THIMESCH, ESQ., No. 140591
   171 Front Street, Suite 102
3  Danville, CA 94526-3321
   Direct: (925) 855-8235
   Fax: (925) 855-8435

4
   Attorneys for Plaintiffs
5  LARRY MCIVER and HOLLYNN D'LIL

   STEPHEN E. HORAN, ESQ. (No. 125241)       CARYN L. CRAIG, ESQ. (No. 185621)
6  PORTER, SCOTT, WEIBERG & DELEHANT         OFFICE OF THE ATTORNEY GENERAL
   350 University Avenue, Suite 200          1300 I Street, P.O. Box 944255
7  Post Office Box 255428                    Sacramento, CA 94244-2550
   Sacramento, CA 95865                      Fax No. 916/327-2319
   Tel: 916/929-1481
8                                            Attorneys for Defendant
   Attorneys for Defendant                   STATE OF CALIFORNIA
9  CALIFORNIA EXPOSITION & STATE FAIR

10

11                         U.S. DISTRICT COURT
                     EASTERN DISTRICT OF CALIFORNIA
12

13  LARRY MCIVER and HOLLYNN D'LIL,          CASE NO. S-2:01-1967 KJM
                                             Civil Rights
14        Plaintiffs,

15  v.                                       CONSENT DECREE WITH COURT
                                             ANNOTATIONS
16  THE CALIFORNIA EXPOSITION &
    STATE FAIR, aka "Cal Expo"; STATE
17  OF CALIFORNIA; RAY CAMMACK
    SHOWS, INC.; and DOES 1-5000,
18  Inclusive,

19        Defendants.                  /
    ISC, INC., CHRISTINE FITZGERALD,         CASE NO. CIV-S-04-1790 KJM
20  CONNIE ARNOLD, RUSS BOHLKE, and          Civil Rights
    JEFFREY EVANS,
21                                           Related Action
          Plaintiffs,
22
23  v.

24  THE CALIFORNIA EXPOSITION &
    STATE FAIR, aka "Cal Expo"; STATE OF
25  CALIFORNIA; RAY CAMMACK
    SHOWS, INC.; and DOES 1-5000,
26  Inclusive,

27        Defendants.                  /
    _____

28  ////

                    00396042.WPD                      1

1

# TABLE OF CONTENTS

2

3    I.      RECITALS ........................................................ 5

4    II.     JURISDICTION ................................................... 8

5    III.    DEFINITIONS .................................................... 9

6            A.    10-Year Plan ............................................. 9

7            B.    ADA ..................................................... 10

8            C.    ADAAG .................................................. 10

9            D.    Annual Obligation ........................................ 10

10           E.    Approval ................................................ 10

11           F.    Atwood/Danz Report ..................................... 10

12           G.    California Disability Access Laws .......................... 10

13           H.    Consent Decree .......................................... 11

14           I.    Compliance Period ....................................... 11

15           J.    Compliance .............................................. 11

16           K.    Defendants .............................................. 11

17           L.    Defense Counsel ......................................... 11

18           M.    Mobility Disability ....................................... 11

19           N.    Named Plaintiffs ........................................ 11

20           O.    Parties .................................................. 11

21           P.    Performance Standards ................................... 12

22           Q.    Plaintiffs' Counsel ....................................... 12

23           R.    Released Claims/Released Parties .......................... 12

24           S.    The Court ............................................... 12

25           T.    Title 24 ................................................. 12

26           U.    Vision Disability......................................... 12

27   IV.     COMPLIANCE PERIOD ........................................... 12

28           A.    Term of Compliance Period ............................... 12

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                          2

|  |  | B. | Monitoring in the Final Year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13 |
|  |  | C. | Disputes in the Final Year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13 |
|  |  | D. | Effect of (IV) (B) & (C) on Annual Obligation . . . . . . . . . . . . . . . . . . . . . . . . . 13 |
|  |  | E. | Early Termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13 |
|  |  | F. | Further Extension . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13 |
|  | V. |  | RELEASE OF INJUNCTIVE AND DECLARATORY RELIEF CLAIMS . . . . . . . . . 14 |
|  | VI. |  | INJUNCTIVE RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15 |
|  |  | A. | Annual Obligation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15 |
|  |  | B. | 10-Year Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16 |
|  |  | C. | New Construction and Alterations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16 |
|  |  | D. | Performance Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16 |
|  |  | E. | Construction Tolerances. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16 |
|  |  | F. | Timeliness. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17 |
|  |  |  | 1. Permits and Planning . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17 |
|  |  |  | 2. Force Majeure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17 |
|  |  | G. | Change in Circumstance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17 |
|  |  | H. | Exclusions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17 |
|  | VII. |  | REPORTS AND MONITORING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18 |
|  |  | A. | Independent Monitor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18 |
|  |  | B. | Annual Reports. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18 |
|  |  | C. | Monitoring . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19 |
|  |  | D. | Compensation for Monitoring. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19 |
|  |  | E. | Administrative liaison. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20 |
|  | VIII. |  | APPROVAL OF CONSENT DECREE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21 |
|  | IX. |  | DISPUTE RESOLUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21 |
|  |  | A. | Continuing Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21 |
|  |  | B. | Joint Agreement and No Contempt Citation or Decree. . . . . . . . . . . . . . . . . . . . 21 |
|  |  | C. | Dispute Resolution Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21 |

00396042.WPD                                3

| | D. | Fees and Costs for Dispute Resolution | 22 |
| | E. | Delay Due To Dispute Resolution | 22 |
| X. | | ATTORNEYS' FEES AND COSTS. | 23 |
| XI. | | CONTINUING JURISDICTION. | 23 |
| XII. | | MISCELLANEOUS | 24 |
| | A. | Counterparts | 24 |
| | B. | Interpretation. | 24 |
| | C. | Severability | 24 |
| | D. | Non-Determination | 24 |
| | E. | Entire Agreement. | 24 |
| | F. | Additional Documents. | 25 |
| | G. | Cal Expo's Approval. | 25 |
| | H. | Authority | 25 |
| | I. | Knowing Agreement | 25 |
| | J. | Successors | 25 |
| | K. | Non-Application to Defendant Ray Cammack Shows, Inc. | 26 |
| | L. | Appealability | 26 |
| | M. | Deadlines. | 26 |

1

## I. RECITALS

2    **A.**    Plaintiffs HolLynn D'Lil and Larry McIver are each persons with a Mobility
3  Disability who regularly use the public facilities at California Exposition and State Fair (Cal Expo),
4  located at 1600 Exposition Boulevard in Sacramento, California.

5    **B.**    Cal Expo's facilities are located on approximately 364 developed acres. Public and
6  private events held at Cal Expo during the year draw approximately 3 million visitors, though many
7  events are produced, operated, planned and maintained by third-party promoters who contract with
8  Cal Expo for the use of the grounds.

9    **C.**    Plaintiffs D'Lil and McIver filed this action, known as McIver et. al. v. California
10  Exposition & Fair, et. al., in Superior Court in 2001.[1]   On October 23, 2001, the action was
11  removed to U.S. District Court, and assigned Case No. S-01-1967 GEB KJM ("McIver Action").
12  Plaintiffs filed the McIver Action on behalf of themselves and all other similarly situated members
13  of the public[2] to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42
14  U.S.C. 12101 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794, and
15  California's Civil Rights laws, including among others, the Unruh Civil Rights Act (California
16  Civil Code §§ 51 et. seq.), California Civil Code §§ 54 et. seq., California Government Code §§
17  4450 et. seq. and 11135, and Health and Safety Code §§ 19952 and 19955 against inter-alia,
18  Defendants THE CALIFORNIA EXPOSITION & STATE FAIR and the STATE OF
19  CALIFORNIA ("Defendants").[3]

20

21    [1] Michael Dunne was also a Named Plaintiff. He was dismissed without prejudice by Order
22  dated October 14, 2004.

23    [2] **COURT:** As the court previously has advised the parties, it does not believe this decree
    can be enforced to prevent parties not in privity with plaintiffs from bringing actions if such parties
24  otherwise have the right to do so. See Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052-
25  54 (9th Cir. 2005). The court notes plaintiffs have never sought class certification or demonstrated
    to the court in a manner to support the court's independent determination that this consent decree
26  is structured to protect "strangers" to this case. Id. at 1056. Thus, the court approves the decree's
    incorporation of language referencing "similarly situated members of the public" only to the extent
27  allowable by law, with resolution of res judicata to be resolved by litigation in the future to the extent
    the question is raised by future filings.

28

LAW OFFICES OF
PORTER, SCOTT,
WEINBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE, SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

    [3] This Consent Decree does not apply to Ray Cammack Shows, Inc.

00396042.WPD                                                                5

1    **D.** The current operative complaint is Plaintiffs' Second Amended Complaint, filed
2    June 2, 2002. Plaintiffs will request permission to file a Third Amended Complaint in conjunction
3    with the submission of this Consent Decree to include the claims of certain named plaintiffs in ISC
4    v. Cal Expo, et al., Superior Court No. 03AS05963 (hereafter "ISC State Action") and ISC v. Cal
5    Expo, et al., U.S.D.C., E. Dist. of Calif., No. CIV-S-04-1790 KJM (Hereafter "Federal ISC
6    Action"). (Hereafter, the two ISC cases may be referred to as "The ISC Actions.") McIver
7    Plaintiffs D'Lil and McIver, and named ISC Plaintiffs Christine Fitzgerald, Connie Arnold, Russ
8    Bohlke, Jeffrey Evans and ISC, Inc. and Defendants Cal Expo and the State of California have
9    agreed, along with Defendant Ray Cammack Shows, Inc., who is not a party to this Consent
10   Decree, to jointly stipulate to Plaintiffs' filing of a Third Amended Complaint. The individual
11   named plaintiffs (excluding ISC, Inc.) are each persons with a Mobility Disability and/or Vision
12   Disability who regularly use the public facilities at Cal Expo.

13   **E.** The Parties joint stipulation provides that if the Court grants Plaintiffs leave to file
14   a Third Amended Complaint that will incorporate the above-named ISC Plaintiffs and their claims,
15   that the Federal and State ISC Actions will be dismissed, if and when the Court approves the
16   Consent Decree as provided elsewhere herein. The Parties stipulation further provides, *inter alia,*
17   that the ISC Plaintiffs factual allegations incorporated into the Third Amended Complaint shall
18   relate back to the date of the original filings of the respective Federal and State ISC Actions, all
19   Named Plaintiffs' claims for attorneys fees, litigation expenses and costs incurred in the State and
20   Federal ISC actions shall be deemed incurred in the present McIver action, and for this purpose the
21   three actions shall be deemed inextricably intertwined.[4]

22

23

24

25

26

27

LAW OFFICES OF
PORTER, SCOTT, 28
WEISBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 300
P.O. BOX 255520
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

---

[4] **COURT:** The court adopts the parties' stipulation regarding the relation back of claims with the clarification that the stipulation will be enforced to the extent allowable by law with the status of the law to be litigated at the time of any dispute based on the relation back doctrine.

00396042.WPD                                   6

1    **F.**    The parties contemplate and understand that this Consent Decree and the 10-Year

2    Plan set forth in detail the physical alterations to be made by Defendant, and fully resolve any and

3    all injunctive relief issues relating to Mobility and Vision Disabilities.[5]

4    **G.**    The Second Amended Complaint alleges that Defendants violated Title II of the

5    ADA, Section 504 of the Rehabilitation Act, California Civil Code §§ 51 and 54.1, and California

6    Government Code §§ 4450 *et seq.* and 11135, by failing to provide full and equal access to the

7    disabled at Cal Expo's facilities, including its theaters, shows, arenas, grandstands, stadiums,

8    museums, exhibits, pavilions, amusements, arcades, restaurants, concessions, picnic areas, service

9    and merchandise facilities, places of public gathering and/or admission, as well as its parking

10   facilities, paths of travel, entrances, public restrooms, and all other facilities at Cal Expo.

11   **H.**    Defendants deny any and all liabilities to Named Plaintiffs, defined further herein,

12   and deny that Defendants have violated any laws – federal, state, or local – pertaining to access for

13   persons with disabilities at Cal Expo's facilities as described above.  It is understood that this

14   agreement is a compromise of disputed claims and any payment or agreement to perform any action

15   is not to be construed as an admission of liability by Defendants.

16   **I.**    The Parties desire to resolve their differences and disputes by settling the declaratory

17   and injunctive relief claims in the McIver lawsuit, as well as the declaratory and injunctive relief

18   claims of all ISC Plaintiffs (to be incorporated into the McIver lawsuit through the Third Amended

19   Complaint), subject to amendment, so as to:

20   **1.**    Provide programmatic access to existing facilities at Cal Expo for qualified

21   individuals with disabilities, including Mobility and Vision Disabilities, as required under federal

22   and state law;

23

24

25

26   ─────────────────────

27        [5]  Plaintiffs' Experts, Barry Atwood and Karl Danz, prepared a 19 volume report and 200
page Summary Report identifying alleged barriers to access. The signatory defendants are not
required by this Decree to perform the work described in the Atwood/Danz Report. It is referred to
here and defined below for the purpose of describing the scope contemplated by the negotiations and
compromise reached in this matter.

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                                7

1   **2.** Provide structural access to all facilities at Cal Expo that have been newly
2   constructed or altered (prior to Court Approval of this Consent Decree) as required under federal
3   and state law for qualifying individuals with disabilities;

4   **3.** Assure that no one, including the Named Plaintiffs, nor other persons
5   similarly situated, will attempt to enforce conflicting standards at Cal Expo regarding compliance
6   with Title II of the ADA, Section 504, and California disability access laws;[6]

7   **4.** Assure that pursuant to the holding of Headwaters, Inc. v. U.S. Forest
8   Service (2005) 399 F.3d 1047, 1052, no one found to be in privity and adequately represented by
9   the Named Plaintiffs in this action, including the Named Plaintiffs, nor other persons similarly
10  situated, shall hereafter assert the same claims for injunctive relief (arising out of the same nucleus
11  of fact necessary to establish liability) that Defendants are required to make additional and/or
12  different modifications to Cal Expo's facilities or that Defendants are required to follow different
13  standards beyond what is agreed to herein in order to comply with the existing obligations under
14  provisions of Title II of the ADA, Section 504, or California disability access laws;[7] and

15  **5.** Avoid the uncertainties and costs of further and future litigation for all
16  parties.

17  **J.** Furthermore, Cal Expo's self-evaluations and Transition Plans, previously created
18  pursuant to the Americans with Disabilities Act to ensure access to its programs, services, activities
19  and facilities, are hereby supplemented and amended by this Consent Decree and the 10-Year Plan.

20  **WHEREFORE, the Parties hereby agree and stipulate to the Court's entry of this**
21  **Consent Decree and Order, which provides as follows:**

22  ## II. JURISDICTION

23  The Parties agree that the Court has original federal question jurisdiction over this matter
24  pursuant to Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12101 *et*
25  *seq.*; and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794. The Court has

---

[6] **COURT:** See footnote 2 above.

[7] **COURT:** See footnote 2 above.

LAW OFFICES OF
PORTER, SCOTT, 28
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                8

1  supplemental jurisdiction over attendant and related causes of action arising from the same facts

2  that are brought under California law, including but not limited to violations of Government Code

3  Sections 4450 et seq. and 11135, including Section 4456; Title 24 California Code of Regulations;

4  and California Civil Code Sections 51, 54 and 54.1.

5      The parties additionally acknowledge that for each disability classification covered by this

6  decree, the Named Plaintiffs as a group have standing for Article III purposes to pursue the

7  injunctive relief claims resolved by this decree, and have so sufficiently demonstrated with

8  verifiable evidence of their disability, and their injury and future injury through sufficient exposure

9  and use of the park and its facilities covered hereunder.  The parties stipulate, however, that the

10 foregoing acknowledgement shall constitute privileged and confidential settlement matter that shall

11 not be admissible as evidence in any proceeding or trial concerning the damage claims of Named

12 Plaintiffs.[8]

13              **III. DEFINITIONS**

14     As used in this Consent Decree, the following terms shall have the meaning ascribed to

15 them in this Section.  Except to the extent expressly stated to the contrary, any term not defined in

16 this Section, or elsewhere in this Consent Decree, that has an expressly defined meaning in either

17 the ADA or the regulations promulgated pursuant thereto ("Regulations") shall have the meaning

18 ascribed to it by the ADA or the Regulations, in that order of preference.[9]  All other terms shall be

19 interpreted according to their plain and ordinary meaning.

20     **A.    10-Year Plan**

21     "10-Year Plan" means and refers to the document attached hereto as **Exhibit 1**, which

22 supplements the previously created transition plans and self-evaluations, and which more

23 specifically details the physical alterations to be made by Defendant Cal Expo.

24

25

26     [8]  **COURT**: The court clarifies that while the parties apparently have agreed they will not
    seek to admit the information referenced here, determinations of admissibility shall be made by the

27 court.

LAW OFFICES OF
PORTER, SCOTT, 28
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

    [9]  **COURT**: The parties have represented to the court that in the case of a conflict as to
    meaning, the ADA will control.

    00396042.WPD                        9

**B.     ADA**

"ADA" means and refers to the Americans with Disabilities Act as contained at 42 U.S.C. § 12101 *et seq.*

**C.     ADAAG**

"ADAAG" means and refers to the Americans with Disabilities Act Accessibility Guidelines, codified at Appendix A to 28 Code of Federal Regulations, Part 36 and at Appendix A to 49 Code of Federal Regulations, Part 37.

**D.     Annual Obligation**

"Annual Obligation", which is described below in Section (VI) (A), means and refers to Defendant Cal Expo's obligation to commit a specified level of funding annually to implement this Consent Decree and the Approved 10-Year Plan.

**E.     Approval**

"Approved" or "Approval" means and refers to the approval by the Court in Case No. S-01-1967 KJM of the terms of this Consent Decree, the concurrent Stipulation for Leave to File the Third Amended Complaint, and the Court's consent to maintain jurisdiction to interpret and enforce the terms of this Consent Decree.

**F.     Atwood/Danz Report**

"Atwood/Danz Report" means the 19 Volume Report prepared by Plaintiffs' Consultants, Barry Atwood and Karl Danz, and served on Defendants as part of expert designations in this case. The parties to this agreement shall each maintain a copy of Atwood/Danz Report, which will be made available upon request.  It is not an exhibit to this document.

**G.     California Disability Access Laws**

"California Disability Access Laws" refers to the Unruh Civil Rights Act, California Civil Code §§ 51 et. seq., California Civil Code §§ 54 et. seq., Government Code §§ 4450 *et seq.* and 11135, Health and Safety Code §§ 19952 and 19955, as well as those portions of the California Building Code (Title 24 of the Code of Regulations) that set forth scoping requirements for structural access in new and altered facilities.

LAW OFFICES OF
PORTER, SCOTT, 28
WEISBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE, SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                    10

**H.     Consent Decree**

"Consent Decree" means and refers to this document, "Consent Decree and Order".

**I.     Compliance Period**

"Compliance Period" means and refers to the period of time described in Section "IV".

**J.     Compliance**

"Compliance," "Compliant" and "Comply" mean and refer to substantial satisfaction of the dictates of this Consent Decree and its supporting documents, including the Work Plan and the performance standards specified herein.

**K.     Defendants**

"Defendants" means and refers to the CALIFORNIA EXPOSITION & STATE FAIR, and its successors in interest, and the STATE OF CALIFORNIA.

**L.     Defense Counsel**

"Defense Counsel" refers to the law firm of Porter, Scott, Weiberg & Delehant on behalf of Cal Expo, and the Office of the Attorney General on behalf of the State of California.

**M.     Mobility Disability**

"Mobility Disability" means and refers to any physical impairment or condition that substantially limits an individual's ability to move his or her body or a portion of his or her body and includes, but is not limited to, orthopedic and neuro-motor disabilities and any other impairment or condition that limits an individual's ability to walk, maneuver around objects, ascend or descend steps or slopes, and operate controls. An individual with a Mobility Disability may use a wheelchair or motorized scooter for mobility, or may be Semi- Ambulatory.

**N.     Named Plaintiffs**

"Named Plaintiffs" means and refers to Larry McIver and HolLynn D'Lil, ISC, Inc., Christine Fitzgerald, Connie Arnold, Russ Bohlke, and Jeffrey Evans.

**O.     Parties**

"Parties" means and refers to the California Exposition & State Fair, State of California, HolLynn D'Lil and Larry McIver. If Plaintiffs are permitted to file a Third Amended Complaint, Parties" shall also include ISC Plaintiffs ISC, Inc., Christine Fitzgerald, Connie Arnold, Russ

LAW OFFICES OF
PORTER, SCOTT, 28
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                 11

Bohlke, and Jeffrey Evans.

## P. Performance Standards

"Performance standards" shall mean and refer to those standards described and further defined in paragraph VI(D).

## Q. Plaintiffs' Counsel

"Plaintiffs' Counsel" means and refers to Thimesch Law Offices.

## R. Released Claims/Released Parties

"Released Claims" and "Released Parties" shall mean and refer to those claims and parties described and further defined in Section "V".

## S. The Court

"The Court" means and refers to the United States District Court for the Eastern District of California and specifically Magistrate Judge Kimberly J. Mueller unless she becomes unavailable, in which case another judge will be assigned to the case according to the Eastern District's Local Rules.

## T. Title 24

"Title 24" means and refers to the regulations set forth at Title 24 of the California Code of Regulations, 2001 edition, or the current version in effect at the time of planning and work, provided no undue burden is created by subsequent changes in the code.

## U. Vision Disability

"Vision Disability" means and refers to any impairment or condition that substantially limits an individual's ability to see. A person with a Vision Disability may be blind, legally blind, or may have poor or low vision, which is not correctable through conventional eye wear.

## IV. COMPLIANCE PERIOD

## A. Term of Compliance Period

The Parties agree that the Consent Decree shall become effective, and remain in effect for up to fifteen (15) years from the date of Court Approval. It shall terminate automatically fifteen (15) years after Approval unless otherwise terminated or extended as provided herein.

LAW OFFICES OF
PORTER, SCOTT, 28
WEIZBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE, SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                    12

**B.     Monitoring in the Final Year**

Any reports and inspections to be produced or made at the end of the final year shall be made pursuant and subject to Section "VII".

**C.     Disputes in the Final Year**

If a dispute is pending at the time this Consent Decree would otherwise terminate, or arises from the Monitor's final report, the Consent Decree will remain in effect with respect to the issue(s) under dispute until the dispute is resolved and any obligations set forth as part of dispute resolution are implemented through the procedures specified in Section IX.

**D.     Effect of (IV) (B) & (C) on Annual Obligation**

Neither (IV) (B) nor (IV) (C) serve to extend the Annual Obligation time limitations as discussed in Section "VI".

**E.     Early Termination**

Any Defendant may petition the Court to terminate the Consent Decree at any time upon a showing that Cal Expo has fully complied with its terms. A petition brought under this provision should contain: (1) information demonstrating full compliance with and completion of the 10-Year Plan; and (2) information showing that Cal Expo has procedures to respond to issues concerning access to Cal Expo facilities in an ongoing manner. As an alternative to (1) above, the petition may demonstrate that any portion of the 10-year plan not yet performed is otherwise subject to Section (VI) (A)(6), (F)(2) or (G).[10]

The petition may contain any other information Defendant(s) believes is appropriate. Any Named Plaintiff may oppose or support such a motion.[11]

**F.     Further Extension**

Any Party may petition the Court for an extension of the Compliance Period, which shall

---

[10]  **COURT:** All of the subsections identified here are found in Section VI.

[11]  **COURT:** To the extent any plaintiffs support early termination, the parties are encouraged to enter into a stipulation confirming their agreement and submit a proposed order to the court.

LAW OFFICES OF
PORTER, SCOTT, 28
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswllaw.com

00396042.WPD                                    13

be granted for good cause shown pursuant to Section (VI) (A)(6), (F)(2) or (G).[12]  Any Party may oppose or support such a motion.

# V. RELEASE OF INJUNCTIVE AND DECLARATORY RELIEF CLAIMS

Except as otherwise provided in this Consent Decree, and subject to the fulfillment of the conditions set forth in this Consent Decree, all Named Plaintiffs, for themselves, their successors and their assigns, in return for the consideration provided for in this Consent Decree, hereby release and forever discharge Defendants and their predecessors in interest, successors, assigns, officers, directors, agents, attorneys, employees, contractors, lenders, insurers, and owners ("Released Parties") from any and all injunctive and/or declaratory relief actions, causes of action, claims, or other demands under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and all California disability access laws listed or contained within the operative complaint ("Released Claims"). Named Plaintiff's claims for damages and attorney's fees, litigation expenses and costs are not released by this Consent Decree and are hereby expressly reserved. The parties have recently settled the individual damage claims of plaintiffs Larry McIver and HolLynn D'Lil, which settlement is contingent upon execution of a standard release, the Court's approval of this Consent Decree, and payment of consideration.[13]

This Consent Decree shall be a full, complete, and final disposition and settlement of any claims for declaratory and injunctive relief that have been or could have been alleged in Federal or State Court. With respect to the Released Claims resolved by this Consent Decree and Order, the Named Plaintiffs acknowledge that they waive the provisions of and any benefits that may be conferred by Civil Code section 1542 which reads:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN**

---

[12] **COURT:** See footnote 10 above.

[13] **COURT:** As of September 26, 2005, all remaining plaintiffs' damages claims also have been settled.

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                    14

1
2

**BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

3

**VI. INJUNCTIVE RELIEF**

4
5

The Parties hereby agree that, upon Approval of the Consent Decree, Cal Expo shall comply with the following to provide further access to Cal Expo's facilities:

6

**A.     Annual Obligation**

7
8
9
10
11

**1.**     During the Compliance Period, Cal Expo will annually dedicate funding to implement its 10-Year Plan as follows: $100,000 per year in the first five (5) years with one (1) of those years being $150,000 (which year shall be chosen by Cal Expo and based solely on its own discretion); $133,000 per year for years six (6) through ten (10); and $100,000 per year for each additional year (eleven (11) through fifteen (15)), if any.

12
13

**2.**     Spending more than the Annual Obligation in any given year will not decrease the Obligation for any other year.

14
15

**3.**     To the extent Cal Expo obtains additional funding from private sources for access improvements, such funding will supplement this Obligation.

16
17
18
19

**4.**     The Annual Obligation shall coincide with Cal Expo's fiscal year, which runs from January 1 to December 31, or any pro-rated portion thereof should the consent decree be approved, or should the Compliance Period end, on a date other than the first or last day of the year.

20
21
22
23
24
25

**5.**     Work to be performed pursuant to the 10-Year Plan may be performed by outside contractors, Cal Expo employees, or by a combination of both, in Cal Expo's discretion. The cost of actual expenditures, not the value of the improvements, will be utilized to measure compliance with this provision. The value of services or tasks performed by Cal Expo on an "in-house" basis will be credited toward compliance with the Annual Obligation pursuant to Cal Expo's reimbursable rate as published.

26
27

**6.**     Cal Expo may, in case of substantial financial hardship (and according to the procedural requirements for motions under the Court's local rules), petition the Court for relief from the Annual Obligation by July 31 of each year. The Court shall provide such relief upon a

LAW OFFICES OF
PORTER, SCOTT,   28
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                    15

sufficient showing of financial hardship. However, any relief granted in a fiscal year will terminate upon the commencement of the following fiscal year unless ordered otherwise. It is understood that the relief contemplated by this section is based on necessity and will be granted only for good cause shown. The amount of any reduction in the Annual Obligation granted by the Court pursuant to this section shall carry-forward and be added to the Annual Obligation imposed for the following year, subject to the Court's discretion.

**B.     10-Year Plan**

Cal Expo shall perform the work required by the 10-Year Plan, **Exhibit "1"** hereto, subject to the terms of this Decree.

**C.     New Construction and Alterations**

The cost of newly constructed or altered facilities performed[14] after Court Approval shall not reduce, offset, nor increase the Annual Obligation.

**D.     Performance Standards**

All of the work to be performed herein under the 10-Year Plan shall be done in strict compliance with the requirements of California Code of Regulations Title 24 and ADAAG, whichever provides the stronger or greater level of protection to the affected disability classification in terms of access, safety and protection, unless a lower standard, design, or measurement is specified in the 10-Year Plan. Use of shorthand terms such as "move", "lower", "retrofit" and "regrade" shall be construed to require such compliance. This provision is subject to (VI) (A)(6), (F)(2) and (G).[15]

**E.     Construction Tolerances**

The work to be performed hereunder shall allow for any recognized construction tolerances provided by state or federal law. This includes, but is not limited to, the construction tolerances provided in the Handbook of Construction Tolerances, David Ken Ballast, McGraw Hill, 1994.

---

[14]  **COURT**: The court reads the word "performed" as "incurred by Cal Expo."

[15]  **COURT**: See footnote 10 above.

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE, SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                                16

**F.    Timeliness**

Defendant Cal Expo will complete the work required by the 10-Year Plan within ten (10) years, or within fifteen (15) years if despite its best and good faith efforts the work is not completed by the end of year ten (10), or alternatively if necessitated by the application of relief described in (VI) (A)(6), (F)(2) or (G).[16] Any extension of time must be obtained pursuant to Section (IV)(F) above and changes or deletions to the 10-Year Plan will be set forth to the Monitor as required by Section (VII) (B) or a Motion for Early Termination pursuant to Section (IV).

**1. Permits and Planning**

Cal Expo shall apply to the appropriate local authority for any permits, if any are required, for work to be performed herein, in a timely manner (i.e. calculated to allow for completion of the work as specified in the 10-Year Plan) and Cal Expo shall prepare for work to be performed in a timely manner.

**2. Force Majeure**

Subject to the requirements of this Section, the time for performance shall allow for good faith interruptions due to inclement weather, contractor unavailability, permit delays not caused by Defendants, and other recognized causes under the Doctrine of Force Majeure.

**G.    Change in Circumstance**

Subject to the requirements of this section, Defendants shall not be required to perform work or other acts required by this Consent Decree, and the 10-Year Plan thereto, that is rendered moot or impossible by a material change in circumstance, such as the permanent closure of affected facilities from public use. Defendant shall set forth any claim under this part in its annual report to the Monitor as required by Section (VII) (B) and any such claim shall be subject to the Dispute Resolution Procedure of Section (X).

**H.    Exclusions**

The Parties specifically exclude from the scope of this Consent Decree, and the 10-Year Plan, the access obligations imposed by state and federal law for all building additions and facilities

---

[16] **COURT**: See footnote 10 above.

LAW OFFICES OF
PORTER, SCOTT,
WEIRERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
PO BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                    17

newly constructed, altered, structural repaired or[17] after the date of Court Approval of this Decree, and exclude the facilities at Cal Expo currently and commonly known as the Administration Building, Backstretch, Water World and Paradise Island.

## VII. REPORTS AND MONITORING

### A. Independent Monitor

To assist in ensuring compliance with this Consent Decree, Cal Expo will hire, consistent with State contracting requirements, a person or firm with substantial experience and expertise in disability access requirements. Cal Expo has selected and Named Plaintiffs have approved Zachary Nathan as the Independent Monitor. Mr. Nathan was selected from a list of at least ten individuals that Named Plaintiffs provided to Cal Expo. Mr. Nathan has accepted this assignment. If Mr. Nathan becomes unwilling to fulfill the duties of the post, or becomes unavailable at anytime during the term of the Consent Decree, the Parties will tender the issue to the Court for appointment of a new Independent Monitor. The Court will set the procedure for the Parties to conduct briefing and argument, or for the Court's review of qualifications.[18]

### B. Annual Reports

1. The schedule provided by the 10-Year Plan shall control the work that Cal Expo is to perform in the first year. After the first year, and by July 31 of year two and each subsequent year of the Compliance Period, Cal Expo shall prepare a report setting forth a prospective plan of projects Cal Expo shall undertake to comply with its 10-Year Plan in the coming fiscal year, except that this shall not apply in the final year of the compliance period.

2. By July 31 of each year of the Compliance Period, and within 60 days of the end of the final year, Cal Expo will prepare a report describing the actual work done to implement the requirements of the 10-Year Plan and this Consent Decree during the previous fiscal year. In

---

[17] **COURT**: The court reads the preceding three words as "or structurally repaired."

[18] **COURT**: If the parties are able to identify a mutually agreeable successor Independent Monitor, in the event of Mr. Nathan's unavailability, they shall provide written notice of the successor's selection in the form of a stipulation and proposed order, precluding the need for briefing.

LAW OFFICES OF
PORTER, SCOTT, 28
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                    18

addition to summaries of work done by Cal Expo to comply with the 10-Year Plan, such annual report will also include:

        **a.**    A summary or listing of all written complaints or requests for removal of particular barriers received since the prior report.

        **b.**    Summaries of work done to ensure access and/or remove access barriers in conjunction with new construction and or alterations at Cal Expo.

        **c.**    Information regarding implementation of the 10-Year Plan, or relief from its requirements, obtained pursuant to applicable provisions of this Consent Decree.

        **3.**    Cal Expo shall provide a copy of the reports required by this Section to the Monitor and Plaintiffs' Counsel by August 31 of each year of the Compliance Period and within 60 days of the end of the final year.

## C. Monitoring

        **1.**    During the Compliance Period and within 60 days after the production of each Annual Report required by Section VII(B), the Monitor will inspect such of the work that has been completed as he deems necessary, and subject to the limitations placed on the hours for which the Monitor will be compensated each year, to ensure that such work satisfies the requirements of the 10-Year Plan. The Monitor shall be granted reasonable access to Cal Expo's grounds upon request and within 72 hours of such a request, including during the time of the State Fair and other events.

        **2.**    Within 30 days of inspection, the Monitor will produce a report of findings and provide a copy of that report to Cal Expo and Plaintiffs' Counsel. Cal Expo will have 90 days thereafter to remedy identified failures to satisfy the requirements of the 10-Year Plan, or 30 days to determine that there is a dispute regarding compliance, and notify Plaintiffs' Counsel of their position. Plaintiffs and Plaintiffs' Counsel must raise any issue or dispute with regard to the Monitor's findings or report within 70 days of production of the report. Any dispute will be resolved through the Dispute Resolution Procedure set forth at Section (IX).

## D. Compensation for Monitoring

        **1.**    During each year of the Compliance Period, Cal Expo will pay Plaintiffs'

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                    19

1    Counsel up to a maximum of $3,000 under this Section, and at a reasonable hourly market rate, for
2    review of monitor reports, communications with the monitor, consultants, plaintiffs, and
3    defendants, and inspections, research, and informal resolution efforts. The cap shall also apply to
4    any reasonable costs or litigation expense incurred, including the cost of consultants. The cap shall
5    not apply to any motion work and appearances undertaken pursuant to the procedures in Section
6    (IX). Plaintiff's Counsel agrees to donate, pro bono, the first 5 hours of his time in any given
7    calendar year toward resolution efforts. Plaintiffs' Counsel will submit detailed records of fees and
8    costs quarterly. The fees provided by this section shall not preclude the Court from awarding fees
9    and costs to Plaintiff's Counsel for any motion and formal enforcement work undertaken pursuant
10   to the dispute resolution process specified under Section (IX)(D).

11        2.       During each year of the Compliance Period, Cal Expo shall pay the approved
12   Monitor for up to 16 hours for on-site inspections and for up to 30 additional hours for preparation
13   of reports and any other document or act that may be required of the Monitor, or undertaken by
14   same, pursuant to this Section, subject to maximum total payments of $6,000 per year, which
15   amount will be increased each year starting at the beginning of year two pursuant to the standard
16   inflation rate published yearly by the U.S. Department of Labor, which is based on the Consumer's
17   Price Index. The Monitor will submit detailed records of fees and costs quarterly to Cal Expo.

18        3.       Cal Expo shall pay such sums directly to the individual to whom it is owed
19   and such sums shall not be credited against Cal Expo's Annual Obligation.

20        4.       The Parties may meet and confer regarding monitoring fee and/or cost issues.
21   In the event that a dispute arises, the Parties will proceed under the Dispute Resolution process of
22   Section (IX).

23   **E.      Administrative Liaison**

24   Cal Expo shall designate an employee to serve as an administrative liaison to the Monitor
25   and to Plaintiffs' Counsel regarding Cal Expo's compliance with this Consent Decree. The liaison

LAW OFFICES OF
PORTER, SCOTT, 28
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 920-1461
www.pswdlaw.com

00396042.WPD                                20

shall be responsible for coordinating and providing all reports required[19] by this Section, and to respond to requests for information.

# VIII. APPROVAL OF CONSENT DECREE

Within thirty (30) days following Cal Expo's approval of this Consent Decree, the Parties shall jointly move the Court for an Order granting its Approval. The Parties agree to seek such Approval from the Honorable Kimberly Mueller, Magistrate Judge, U.S. District Court for the Eastern District of California. Magistrate Judge Mueller has indicated her willingness to oversee the approval and enforcement process, and she possesses knowledge of this case's history and an understanding of the numerous technical and legal issues presented in this case.

# IX. DISPUTE RESOLUTION

## A.   Continuing Jurisdiction

The Parties agree that the Court may retain jurisdiction to interpret and enforce the terms of this Consent Decree for the duration of the Compliance Period. The Parties further agree to request that this authority be delegated to Magistrate Judge Kimberly Mueller in accordance with 28 U.S.C. § 636(c). Should Magistrate Judge Mueller become unavailable at any time during the Compliance Period, the Parties shall jointly request that another Magistrate Judge be assigned in accordance with the Eastern District's Local Rules.

## B.   Joint Agreement and No Contempt Citation or Decree

The Parties agree that if they or any of them seek Court enforcement of this Consent Decree and Order, they shall do so pursuant to this Section. No Party will seek a contempt citation or decree.

## C.   Dispute Resolution Process

Except as otherwise set forth herein, the Parties agree that all disputes concerning interpretation, implementation, and/or compliance with this Consent Decree shall be resolved as follows:

---

[19] **COURT**: The court understands the reports referenced here to mean those required of Cal Expo.

LAW OFFICES OF
PORTER, SCOTT, 28
WEINBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                               21

1. The Party wishing to initiate the dispute resolution process shall notify the other Party(ies) and the other Party's(ies') counsel in writing of the nature of the dispute, including a reasonable explanation of the legal and factual basis of the dispute.

2. The Parties to the dispute will then meet and confer in order to attempt to resolve the dispute directly.

3. If the Parties involved in the dispute cannot resolve a dispute directly, they will request a mediation conference with the Court.

4. Should mediation with the Court prove unsuccessful, either Party involved in the dispute can bring a motion to enforce the Consent Decree before the Court. In accordance with 28 U.S.C. § 636(c), the Parties consent to allow a decision by a Magistrate of the Court,[20] acting to interpret and/or enforce the Consent Decree, to be appealed directly to the Ninth Circuit Court of Appeals.

## D. Fees and Costs for Dispute Resolution

1. Any litigation expenses, including expert fees and costs, attorney fees and court costs may be awarded by the court pursuant to Christianberg Garment Co. v. EEOC, 434 U.S. 412 (1978) or other standard deemed applicable by the court.

2. If an award of fees and costs is issued against Cal Expo pursuant to this Section, those fees and costs will not be paid out of the Annual Obligation unless the Court, in equity, determines such is appropriate.

3. If an award of fees and costs is issued in favor of Cal Expo, such obligation will be the joint and several responsibility of the moving/opposing Party(ies), whichever is applicable.

## E. Delay Due to Dispute Resolution

---

[20] **COURT:** The parties previously have consented to Magistrate Judge Mueller for all purposes. The court reads this section as confirming the parties' consent and their intent to submit any motions regarding enforcement of the Consent Decree to Magistrate Judge Mueller. If a successor to Magistrate Judge Mueller is assigned to this case, the procedures and rules applicable in the Eastern District of California at the time of such assignment will govern who exercises dispositive authority at the district court level in this case.

LAW OFFICES OF
PORTER, SCOTT, 28
WEISBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255435
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                    22

1    The Parties agree that, if access work under the 10-Year Plan scheduled by Cal Expo is
2    delayed by the Parties in the dispute resolution process, the time deadlines for such access work
3    shall be extended a commensurate period of time.

## X. ATTORNEYS' FEES AND COSTS

5    Upon Approval of this Consent Decree Cal Expo will pay Plaintiffs' Counsel's reasonably
6    incurred interim statutory attorneys fees, litigation expenses and costs incurred in the McIver and
7    the ISC Actions, if the Parties reach agreement on the total amount owed, within sixty (60) days
8    after Approval. Such fees shall be paid within thirty (30) days of reaching an agreement. The
9    Parties request that the Court set a Settlement Conference before a Magistrate Judge to assist the
10   Parties in resolving this claim.

11   If the Parties do not reach agreement on the amount of reasonable interim attorney fees,
12   litigation expenses and costs within sixty (60) days after Approval, Plaintiffs' Counsel may
13   thereafter file within sixty (60) days a Motion to recover such fees, litigation expenses and costs
14   (including any available enhancement) for determination by the Court. Any litigation expenses,
15   including expert fees and costs, attorney fees and court costs may be awarded by the court pursuant
16   to Christianberg Garment Co. v. EEOC, 434 U.S. 412 (1978) or other standard deemed applicable
17   by the court.

18   Notwithstanding any statement in this Decree regarding Defendants' dispute of the
19   allegations and/or non-admission and denial of liability, the Parties agree that Plaintiffs have
20   prevailing party standing to make a motion for reasonable fees, litigation expenses and costs.
21   Defendants reserve all rights to oppose such a motion.

22   The Court's fees and costs determination shall be an order appealable directly to the Ninth
23   Circuit Court of Appeals.

## XI. CONTINUING JURISDICTION

25   The Court shall retain continuing jurisdiction to interpret and enforce the Consent Decree
26   as provided herein and to determine fees, litigation expenses and costs, if necessary. The Court
27   shall also retain jurisdiction to resolve Plaintiff's remaining claims for statutory and compensatory
28   damages. Each and all of the agreements of the Parties in this Consent Decree are contingent upon

LAW OFFICES OF
PORTER, SCOTT,
WEISBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                    23

the Court granting leave for Plaintiffs to file a Third Amended Complaint as contemplated herein, and the Court's acceptance of aforesaid continuing jurisdiction.

## XII. MISCELLANEOUS

### A.   Counterparts

This Consent Decree may be executed in counterparts, each of which will be considered an original, but all of which, when taken together, will constitute one and the same instrument. Facsimile signatures shall be considered valid as of the date thereof, although the original signature pages shall thereafter be appended to this Consent Decree and filed with the Court.

### B.   Interpretation

The language of this Consent Decree will be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties. The headings in this Consent Decree are solely for convenience and will not be considered in its interpretation. Where required by context, the plural includes the singular and the singular includes the plural. This Consent Decree is the product of negotiation and joint drafting so that any ambiguity will not be construed against any Party.

### C.   Severability

In the event any portion of this Consent Decree is deemed to be unenforceable, or is in conflict with applicable law, the remainder of this Consent Decree will be enforced and will remain in full force and effect.

### D.   Non-Determination

The Court has made no findings concerning alleged violations of any law, whether state or federal, local, regulation, order or rule at this time, and the Parties expressly reserve the right to litigate these matters if this Consent Decree does not receive Approval. The Parties agree that nothing in this Consent Decree may be interpreted as an admission by any Party of any fact, legal principle, or conclusion. If, for any reason, Approval is not obtained, no evidence of this proposed Consent Decree shall be admissible for any purpose in The McIver Action, either of the ISC Actions, or other actions to be brought by Named Plaintiffs or Plaintiffs' Counsel.

### E.   Entire Agreement

LAW OFFICES OF
PORTER, SCOTT, 28
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE, SUITE 299
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                24

1    This Consent Decree, including its Exhibit, expresses and constitutes the sole and entire

2    agreement between the Parties and supersedes all prior agreements, negotiations and discussions

3    between the Parties and/or their respective counsel with respect to the subject matter of the McIver

4    Action, the ISC Actions, and/or this Consent Decree. The Consent Decree supersedes any prior

5    or contemporaneous oral or written agreements or understandings between and among the Parties

6    and/or counsel for the Parties regarding the subject matter of the McIver Action, the ISC Actions

7    and/or this Consent Decree.

8    **F.    Additional Documents**

9        To the extent any documents are required to be executed by any of the Parties to effectuate

10   this Consent Decree, each Party hereto agrees to execute and deliver such and further documents

11   as may be required to carry out the terms of this Consent Decree.

12   **G.    Cal Expo's Approval**

13       The signature herein below of Brian May, a Cal Expo Assistant General Manager, indicates

14   that he has obtained prior approval of this document through Cal Expo's Board of Directors.

15   **H.    Authority**

16       Each Party represents to all other Parties that such Party has the full power and authority

17   to enter into this Consent Decree, that the execution and delivery thereof will not violate any

18   agreement to which such Party is a party or by which such Party is bound, and that this Consent

19   Decree, as executed and delivered, constitutes a valid and binding obligation of such Party,

20   enforceable in accordance with its terms. The signatories to this Consent Decree expressly warrant

21   that they have been authorized to execute this Consent Decree and to bind their respective Parties

22   to the terms and provisions herein.

23   **I.    Knowing Agreement**

24       Each Party to this Consent Decree acknowledges that it has been represented by legal

25   counsel, and that each Party has reviewed, and has had the benefit of legal counsel's advice

26   concerning, all of the terms and conditions of this Decree.

27   **J.    Successors**

28       This Consent Decree shall be binding upon and inure to the benefit of the respective heirs,

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                25

1  successors, assigns and representatives of the Parties. To the extent permitted by law, the Parties

2  intend that this Consent Decree and Order shall additionally be binding upon all persons with

3  disabilities similarly situated to the Named Plaintiffs in relation to injunctive relief claims, and that

4  the terms of this Consent Decree shall have the effect of res judicata and/or collateral estoppel

5  against injunctive relief claims. However, the Decree shall not preclude claims for damages by

6  persons with disabilities, if any, including under tort or as provided by statute.[21]

7  ## K.   Non-Application to Defendant Ray Cammack Shows, Inc.

8  No part of this Consent Decree shall be construed to affect Named Plaintiffs' ongoing legal

9  claims, or any actions, against Defendant RAY CAMMACK SHOWS, INC., which shall remain

10  in full force and effect.[22]

11  ## L.   Appealability

12  Unless otherwise stated, any order issued by the Court pursuant to this Consent Decree shall

13  be appealable to the Ninth Circuit Court of Appeals.

14  ## M.   Deadlines

15  Any deadlines imposed under this Decree shall be subject to the extensions imposed

16  by Fed. Rules of Civ. Pro., Rule 6.

17  Dated: September 9 __, 2005                    TIMOTHY S. THIMESCH

18                                                 THIMESCH LAW OFFICES

19

20

21                                                 Attorney for Plaintiffs

22  Dated: _____, 2005

                                                   Plaintiff Hollynn D'Lil
23

24  Dated: _____, 2005

                                                   Plaintiff Larry McIver
25

26

27  [21] **COURT**: See footnote 2 above.

28  [22] **COURT**: Concurrently with its qualified approval of this Consent Decree, the court is approving a Consent Decree as to Ray Cammack Shows.

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE , SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00396042.WPD                                      26

Dated: _____, 2005

_____
Plaintiff Connie Arnold

Dated: _____, 2005

_____
Plaintiff Russ Bohlke

Dated: _____, 2005

_____
Plaintiff Christine Fitzgerald

Dated: _____, 2005

_____
Plaintiff Jeffrey Evans

Dated: _____, 2005

_____
Plaintiff ISC, Inc.
By and Through Officer Russ Bohlke
Authorized Representative

Dated: _____, 2005

STEPHEN E. HORAN, ESQ.
PORTER, SCOTT, WEIBERG & DELEHANT

_____
Attorneys for Defendant
CALIFORNIA EXPOSITION & STATE FAIR

Dated: _____, 2005

_____
Brian May, Assistant General Manager
Defendant CALIFORNIA EXPOSITION &
STATE FAIR

Dated: _____, 2005

CARYN L. CRAIG, ESQ.
OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF CALIFORNIA

_____
Attorneys for Defendant
STATE OF CALIFORNIA[23]

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

[23] **COURT:** The court acknowledges receipt of a copy of the proposed consent decree signed by all parties and counsel, and submitted to the court on September 18, 2005.

00396042.WPD

27